# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

JENNIFER P. CLARK,        :
                                :

       Plaintiff,         :
                                :

       v.              :      CIVIL ACTION NO.
                                :      2:09-CV-0050-RWS

JASON J. DEAL and E. PAUL  :
STANLEY,                :
                                :

       Defendants.       :

## ORDER

This case comes before the Court on Plaintiff's Motion to Recuse [Doc. 56], Plaintiff's Request for Ruling and Request for Hearing on Plaintiff's Motion to Recuse [Doc. 59], Defendant Deal's Motion to Dismiss [Doc. 54], Defendant Stanley's Motion to Dismiss [Doc. 58], and Plaintiff's Motion to Join as Party Defendants Anthony McLain and Robert Lusk [Doc. 49]. After considering the entire record, the Court enters the following Order.

### Background

Plaintiff Jennifer P. Clark, proceeding *pro se*, initiated this action on April 2, 2009, against Defendants Jason J. Deal and E. Paul Stanley alleging

that both Defendants published defamatory statements about Plaintiff. In order to place these allegations in context, some procedural history is necessary.

An underlying suit was brought in the Superior Court of Hall County, Georgia.[1] Defendant Deal was the judge presiding over that case. Plaintiff in the present action is the daughter of the named plaintiff in the Hall County suit.[2] Plaintiff is licensed to practice law in Alabama and was admitted *pro hac vice* to represent her father in that action. Pursuant to a consent order, which Plaintiff contends was fraudulently obtained, Plaintiff withdrew as counsel in that case. Approximately eight months after withdrawing, Plaintiff submitted an application for admission *pro hac vice* to serve again as counsel in the Hall County action. In an order entered on July 14, 2006, Defendant Deal denied Plaintiff's application.

After the order was entered, Plaintiff filed a complaint against Defendant Deal with the Judicial Qualifications Commission of Georgia. Defendant Deal

---

[1] Clark v. City of Flowery Branch, Ga., et al., 2003-CV-2830-C, Superior Court of Hall County, Georgia.

[2] In the Order dismissing Plaintiff's earlier suit against Defendant Deal the Court mistakenly identified Plaintiff as the wife of the plaintiff in the Hall County action, rather than his daughter. See Clark & Clark v. Deal, No. 2:07-CV-0071-RWS, 2007 WL 2728448 at *1 (N.D. Ga. Sept. 17, 2007). The Court regrets this error.

AO 72A
(Rev.8/82)

recused himself from the Hall County action on February 28, 2007. On June

22, 2007, Plaintiff filed an action against Defendant Deal alleging that Judge

Deal's July 14 order was defamatory and contained false allegations. Clark v.

Deal, 2:07-CV-0071-RWS (N.D. Ga.). That case was dismissed. See Clark &

Clark v. Deal, No. 2:07-CV-0071-RWS, 2007 WL 2728448 (N.D. Ga. Sept. 17,

2007).

On March 21, 2007, Plaintiff wrote Defendant Deal a letter seeking the

retraction of the 2006 order denying her application for admission to practice

*pro hac vice*. After receiving the letter, Defendant Deal issued an "Order

Pursuant to Uniform Superior Court Rule 4.1."[3] In accord with Judge Deal's

interpretation of the ban on ex parte communication contained in Rule 4.1, he

ordered the March 21 letter be made part of the record of the Hall County action

and served on the other party. The present suit is in response to that order.

---

[3] The order issued by Judge Deal on March 29, 2007, states *in toto*:
Communication regarding this case was received by Court
from Jennifer P. Clark. Pursuant to Uniform Superior
Court Rule 4.1, which prohibits ex parte communications,
any communication with the Court must be revealed to
parties and their counsel and for this purpose the Court
orders said written materials to be made a part of the
record in the case and served upon the other party.
City of Flowery Branch, Ga., et al., 2003-CV-2830-C.

Plaintiff alleges that the order falsely accused her of ex parte communications and was defamatory.

Plaintiff also alleges that Defendant Stanley defamed her by filing a grievance complaint with the Alabama State Bar alleging that Plaintiff engaged in the unlicensed practice of law in Georgia. The allegations set forth in Stanley's grievance complaint referenced Defendant Deal's order concerning ex parte communication by Plaintiff. Plaintiff has brought this action against Defendants Deal and Stanley seeking to recover for these allegedly defamatory statements.

## Discussion

### I. Motion to Recuse [Doc. 56] and Request for Ruling and Hearing on Motion to Recuse [Doc. 59]

Plaintiff has moved to recuse the undersigned from the instant action. Plaintiff contends that the undersigned has a conflict of interest as a result of his assignment to a previous case in which Plaintiff sued Defendant Deal for defamation. See Clark v. Deal, 2:07-CV-0071-RWS (N.D. Ga. filed June 22, 2007). Plaintiff alleges that in this prior litigation the undersigned

AO 72A
(Rev.8/82)

"demonstrated an unabated bias in favor of the Defendant." (Motion to Recuse [Doc. 56] at 3).

The propriety of recusal in a federal case is governed by two distinct statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Although Plaintiff does not identify either statute as the basis for her motion, the Court will evaluate the propriety of recusal under both provisions.

**A.    28 U.S.C. § 144**

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

AO 72A
(Rev.8/82)

Where a litigant submits a sufficient affidavit and certificate, recusal is mandatory; the presiding judge may take no further action in the litigant's case. See United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987). The statute's requirements, however, are strictly enforced. See, e.g., United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) ("Because the statute is heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse.") (internal quotations omitted). Moreover, while a court must take as true all of the facts stated in the affidavit ("even when the court knows these allegations to be false"), see United States v. Alabama, 828 F.2d at 1540, the statements at issue must be such "that [they] would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). The alleged facts must be "material and stated with particularity" and "show that the bias is personal, as opposed to judicial, in nature." United States v. Alabama, 828 F.2d at 1540.

Here, when analyzed under § 144, Plaintiffs' motion fails for several reasons. First, it is unaccompanied by the required affidavit. Further, it lacks a certificate of counsel stating that it is submitted in good faith. See 28 U.S.C. § 144 (stating that affidavit "*shall* be accompanied by a certificate of counsel of

record stating that it is made in good faith") (emphasis supplied).  In light of the

mandatory and automatic nature of recusal under the statute, its potential for

abuse, and the availability of other statutory mechanisms pursuant to which an

unrepresented litigant may seek the recusal of a federal judge, the absence of

such a certificate has proven fatal to even the § 144 motions of *pro se* litigants.

See, e.g., Williams v. New York City Hous. Auth., 287 F. Supp. 2d 247, 249

(S.D.N.Y. 2003); Heimbecker v. 555 Assocs., No. 01-6140, 2003 WL

21652182, at *4 (E.D. Pa. Mar. 26, 2003) (collecting cases); Mills v. City of

New Orleans, No. 02-2519, 2002 WL 31478223, at *2 (E.D. La. Nov. 4, 2002);

Robinson v. Gregory, 929 F. Supp. 334, 337 (S.D. Ind. 1996).  These

procedural deficiencies alone compel the denial of Plaintiff's motion.  See

Sykes, 7 F.3d at 1339.

Even looking beyond those procedural failings, however, it is plain that

any § 144 challenge would prove unavailing.  Plaintiff's allegations of personal

bias and prejudice rest predominantly on Plaintiff's past, unsuccessful suit

before the Court. (See Mot. to Recuse [56] at 1-2).  Plaintiff perceives the

undersigned's prior decision adverse to her either as indicative of a personal

animus towards her or personal favor towards Defendant Deal.

7

The undersigned harbors no personal animus towards Plaintiff, and its prior decision reflects no more than the undersigned's efforts to fairly and correctly apply the law to the cases before it. In any event, even if the Court were to accept these allegations as true, allegations of this sort do not establish the type of bias necessary to sustain a § 144 motion. First, the decision rendered adverse to Plaintiff was not appealed. Even had the underlying decision been appealed and proven flawed, it is settled that prior adverse judicial rulings supply no independent basis for recusal. See, e.g., United States v. Merkt, 794 F.2d 950, 960-61 (5th Cir. 1986); see also Giladi v. Strauch, No. 94 Civ. 3976, 1996 WL 18840, at *5 (S.D.N.Y. Jan. 18, 1996) ("'[R]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice.'") (quoting United States v. IBM Corp., 475 F. Supp. 1372, 1381 (S.D.N.Y. 1979)).

In summary, Plaintiffs motion for recusal under 28 U.S.C. § 144 is necessarily unavailing. It is procedurally deficient and fails to articulate cognizable bases for recusal under the rule.

AO 72A
(Rev.8/82)

**B.    28 U.S.C. § 455**

Analyzed under 28 U.S.C. § 455, Plaintiff's Motion fares no better.

Section 455 requires recusal of a judge in a host of specific circumstances, not

present here, see 28 U.S.C. § 455(b), and "in any proceeding in which his

impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Although §

455 "liberalize[d] greatly the scope of disqualification in federal courts[,]"

Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001) (quoting United States v.

Alabama, 828 F.2d at 1541), and relieves litigants of the strict procedural

predicates mandated by § 144, it does not invite recusal whenever it is requested

by a party.  Rather, recusal under subsection (a) is appropriate only where "an

objective, disinterested, lay observer fully informed of the facts underlying the

grounds on which recusal was sought would entertain significant doubt about

the judge's impartiality . . . ."  United States v. Patti, 337 F.3d 1317, 1321 (11th

Cir. 2003) (internal quotations omitted).

Importantly, unlike in the context of § 144, it is the facts, not the

movant's allegations, that control the propriety of recusal.  See id.; see also

United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of

partiality must be supported by some factual basis, however.  Recusal cannot

be based on 'unsupported, irrational or highly tenuous speculation.' ") (quoting

In re United States, 666 F.2d 690, 694 (1st Cir. 1981)); Weatherhead v. Globe

Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455]

need not be taken as true.").  The rule is self-enforcing, and motions to recuse

under § 455, while they may be referred to a judicial colleague for review, see

United States v. Craig, 853 F. Supp. 1413, 1414-15 (S.D. Fla. 1994), are

typically decided by the presiding judge.  See McCuin v. Texas Power & Light

Co., 714 F.2d 1255, 1259 (5th Cir. 1983).

Analyzing Plaintiff's § 455 challenge under this standard, it is clear her

Motion must fail.  Ultimately, Plaintiff's assertions of partiality (and,

presumably, the appearance of partiality) rest only on the contention that the

undersigned rendered an unfavorable decision against Plaintiff in a  prior case.

It is plain that, just as in the context of § 144, such a contention does not

warrant recusal under § 455.  See, e.g., Hepperle v. Johnston, 590 F.2d 609, 614

(5th Cir. 1979) (prior rulings of court cannot support recusal under § 455).

Simply stated, while the Court is mindful of the importance of avoiding

even the appearance of partiality, it is of the view that no reasonable observer,

fully apprised of the facts, could question its impartiality in the instant action.

10

Plaintiff's failure to obtain a favorable result in a related case was not the product of any sinister intent or personal animus of the Court, but instead necessarily flowed from the merits of that action. This Court's prior decisions and rulings in this action neither evince nor suggest any extrajudicial bias. Accordingly, Plaintiff's Motion for Recusal [Doc. 56] is **DENIED**.

Given the aforementioned reasoning, this motion did not require a hearing and therefore Plaintiff's Request for a Hearing [Doc. 59] is **DENIED**.

## II.  Motions to Dismiss

Both Defendants Deal and Stanley have filed a Motion to Dismiss Plaintiff's Complaint [Doc. 54, 58]. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A

complaint is plausible on its face when the plaintiff pleads factual content

necessary for the court to draw the reasonable inference that the defendant is

liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the

complaint are to be considered true at the motion to dismiss stage, the same

does not apply to legal conclusions set forth in the complaint. Sinaltrainal v.

Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at

1949). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The

court does not need to "accept as true a legal conclusion couched as a factual

allegation." Twombly, 550 U.S. at 555. In light of this standard, the Court now

examines the Plaintiff's Second Amended Complaint [Doc. 34] to determine

whether the pleading is sufficient to survive the pending motions to dismiss.

A.     Defendant Deal's Motion to Dismiss [Doc. 54]

Defendant Deal filed a Motion to Dismiss on April 17, 2009, asserting:

that the Eleventh Amendment bars suit against a state official absent a waiver

by the state and that the state has not waived immunity in regards to suits

12

brought against state officers in federal court; that the Georgia Tort Claims Act

("GTCA") immunizes Defendant Deal because he was acting in his official

capacity as a state officer; and that Defendant Deal is also immune from

Plaintiff's claims under the doctrine of judicial immunity.

Plaintiff did not file a response to Defendant Deal's Motion to Dismiss.

Local Rule 7.1 states that, "[f]ailure to file a response shall indicate that there is

no opposition to the motion." Despite the lack of opposition to the motion, the

Court will nonetheless examine the merits of Defendant's motion.

Plaintiff states in her Second Amended Complaint that Defendant Deal

> does not enjoy judicial immunity because he was not
> acting in an official capacity when he entered this
> defamatory "order" dated March 29, 2007. By
> publishing this defamatory "order", Deal acted in the
> clear absence of personal or subject matter jurisdiction
> and does not enjoy judicial immunity.

(Second Amended Complaint [Doc. 34] at ¶ 14). The Court need not accept as

true Plaintiff's contentions that Defendant Deal was not acting in his official

capacity or that he lacks judicial immunity for his March 29, 2007 order.

Sinaltrainal, 578 F.3d at 1260 (citing Iqbal, 129 S. Ct. at 1949) (stating that

legal conclusions asserted in a complaint need not be assumed true).

13

Georgia "courts have consistently held that judges are immune from liability in civil actions for acts performed in their judicial capacity." Robinson v. Becker, 265 Ga. App. 692, 694, 595 S.E.2d 319, 320 (2004) (quoting Maddox v. Prescott, 215 Ga. App. 810, 812, 449 S.E.2d 163, 165 (1994)). Such immunity exists to allow judges "to exercise within their lawful jurisdiction untrammeled determination without apprehension of subsequent damage suits." Id. This immunity exists even when a judge's action "was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Robinson, 265 Ga. App. at 694, 595 S.E.2d at 321 (quoting Chamberlain v. Thompson, 165 Ga. App. 807, 808, 302 S.E. 2d 721, 722 (1983)).

Defendant Deal's March 29, 2007 order was issued pursuant to his interpretation of Uniform Superior Court Rule 4.1.[4] Plaintiff's March 21, 2007 letter to Defendant Deal directly addressed the Hall County action and sought to have Defendant Deal reconsider his order denying her application for admission. (See Second Amended Complaint, Exhibit F [Doc. 34-7]). Although

_____

[4] The rule states: "Except as authorized by law or by rule, judges shall neither initiate nor consider ex parte communications by interested parties or their attorneys concerning a pending proceeding."

Defendant Deal had recused himself from the Hall County action, and although Plaintiff was no longer an attorney of record in that case, it cannot be said that Defendant Deal acted in the clear absence of all jurisdiction by ordering a letter concerning a pervious ruling in a pending action made part of the record. Therefore Defendant Deal is entitled to judicial immunity for his March 21, 2007 order. Given that the Defendant is entitled to judicial immunity, the Court will not address the additional grounds asserted by Defendant in support of his motion to dismiss Plaintiff's Complaint. For the aforementioned reasons, Defendant Deal's Motion to Dismiss [Doc. 54] is **GRANTED** and Plaintiff's causes of action against Defendant Deal are **DISMISSED**.

B.      Defendant Stanley's Motion to Dismiss [Doc. 58]

Defendant Stanley filed a Motion to Dismiss Plaintiff's Second Amended Complaint.[5]  Plaintiff has alleged that "Stanley gained access to said defamatory 'order' and published same with the Alabama State Bar Association . . . ."

---

[5] Defendant's motion was filed on September 10, 2009.  Plaintiff's Response [Doc. 60] was not filed until September 30, 2009.  As such, the reply was untimely.  Under the version of Local Rules 6.1(A) and 7.1(B) in effect at the time of the filing of the Motion to Dismiss, Plaintiff had until September 29, 2009, to file her response.  Despite the untimeliness of Plaintiff's Response, the Court will address the merits of the motion.

AO 72A
(Rev.8/82)

(Second Amended Complaint at ¶ 12).  Defendant contends that he has

immunity from Plaintiff's Complaint based on O.C.G.A. § 51-5-8, which states:

> All charges, allegations, and averments contained in
> regular pleadings filed in a court of competent
> jurisdiction, which are pertinent and material to the
> relief sought, whether legally sufficient to obtain it or
> not, are privileged. However false and malicious such
> charges, allegations, and averments may be, they shall
> not be deemed libelous.

Defendant cites In re Bryan, 308 B.R. 583 (N.D. Ga. 2004), as support

for the proposition that O.C.G.A. § 51-5-8 not only applies to complaints filed

in court, but also to complaints filed with a state bar association.  In In re Bryan,

the Chapter 7 Trustee filed a complaint with the State Bar of Georgia against a

plaintiff in an adversary proceeding.  308 B.R. at 585.  The plaintiff in that

proceeding then filed a state action against the Trustee for libel and slander,

alleging that statements contained in the complaint to the state bar were false.

Id.  The action was removed to the bankruptcy court.  The bankruptcy court,

relying on the decision of the Court of Appeals of Georgia in Skoglund v.

Durham, 233 Ga.App. 158, 502 S.E.2d 814 (1998), concluded that O.C.G.A. §

51-5-8 was applicable to complaints filed with a state bar association.  308 B.R.

at 588.

In Skoglund, the plaintiff filed a complaint alleging that defendants made

defamatory statements about him in a "Request for Investigation" with the

Georgia Real Estate Commission ("GREC"). 233 Ga. App. at 158, 502 S.E. 2d

at 815. The court found that the statements made to GREC were entitled to the

absolute privilege set forth in O.C.G.A. § 51-5-8, because GREC proceedings

were quasi-judicial in nature. Id. at 159, 502 S.E. 2d at 816. The court stated:

> "It is clear from a review of past decisions that ... we
> have not strictly limited the privilege under OCGA §
> 51-5-8 to 'pleadings' as they are defined under OCGA
> § 9-11-7(a). Rather, the absolute privilege afforded by
> OCGA § 51-5-8 has been more broadly construed ...
> Indeed, we have generally described the coverage of
> the privilege to include 'official court documents' and
> acts of 'legal process.' "[6]

Id. (quoting Williams v. Stepler, 227 Ga.App. 591, 595, 490 S.E.2d 167, 171

(1997) (internal citations omitted)). The In re Bryan court reasoned that like the

proceedings before the GREC

---

[6] The court noted that the privilege contained with O.C.G.A. § 51-5-8 has been
applied to filings as diverse as "allegations in affidavits, protective orders prepared by
counsel, notice of lis pendens, an affidavit in support of an arrest warrant, the words of
a judge in the course of a judicial proceeding, filings with the state employment
agency, and other quasi-judicial proceedings in administrative tribunals." Skoglund,
233 Ga. App. at 159, 502 S.E.2d at 816.

> inquiries and complaints to the State Bar of Georgia
> are quasi-judicial in nature, providing for hearing,
> issuance of subpoena, and production of documents.
> The proceedings are confidential, so that damage to
> reputation is not a threat until the State Bar's
> investigation resulting from the inquiry/complaint is
> completed. Another important consideration is the
> public policy supporting provisions intended to
> protect the public, and, perhaps unique to a State Bar
> complaint, members of the State Bar have an ethical
> duty to report suspected incidents of the unlicensed
> practice of law. Therefore, Defendant's statements
> about Plaintiff to the State Bar were absolutely
> privileged.

308 B.R. at 588.

Complaints before the Alabama State Bar are also quasi-judicial in nature. If the bar's counsel determines that there is sufficient information to establish that an ethics violation possibly occurred, the bar opens a formal investigation. See ALABAMA STATE BAR, COMPLAINTS AGAINST ALABAMA LAWYERS (2006) (available at http://www.alabar.org/brochures/complaint_brochure.pdf). The investigation may include a hearing with testimony from witnesses. Id. As with the State Bar of Georgia, the Alabama State Bar "treats all inquiries and complaints filed with the Office of General Counsel as confidential . . . ." Id. Therefore, the allegations set forth in

18

Defendant Stanley's complaint with the Alabama State Bar "shall not be deemed libelous" no matter how "false and malicious such charges, allegations, and averments may be."[7] OCGA § 51-5-8.

Plaintiff's Response to Defendant's Motion to Dismiss [Doc. 60] does not address Defendant's contention in regards to OCGA § 51-5-8 or the holding in In re Bryan, 308 B.R. 583. Defendant's Response states, "[t]he Defendants are not entitled to immunity because Deal's purported order falsely alleging ex parte communications was used outside of litigation and as the basis for personal retaliation in a grievance with the Alabama State Bar."[8] (Response to

---

[7] Alabama extends "absolute immunity from suit" to individuals filing complaints with the state bar. See ALABAMA STATE BAR, COMPLAINTS AGAINST ALABAMA LAWYERS (2006).

[8] Plaintiff does state in her Response to Defendant's Reply Brief [Doc. 62] that "Defendant Stanley is not entitled to immunity because was due [sic] to Stanley's fraudulent, illegal, and unethical conduct"that Plaintiff was removed from the Hall County Action and had to file the motion for admission which resulted in Defendant Deal's March 29, 2007 order. (Response to Defendant's Reply Brief at ¶ 10).

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court contemplate the routine filing of briefs following the movant's reply. See Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (declining to permit surreply). A surreply may not be filed without seeking leave of the Court. Id. However, even if this Court were to consider Plaintiff's statement in her Response to Defendant's Reply Brief, it does not rebut the fact that Defendant Stanley is entitled to immunity against suits arising from the filing of his complaint with the Alabama State Bar.

AO 72A
(Rev.8/82)

Motion to Dismiss [Doc. 60] at ¶ 7).  Based on the reasoning above, Defendant

Stanley is entitled to the immunity set forth in OCGA § 51-5-8 for any

statements made in his complaint to the Alabama State Bar.   Therefore,

Defendant Stanley's Motion to Dismiss Plaintiff's Second Amended Complaint

[Doc. 58] is **GRANTED** and Plaintiff's causes of action against Defendant

Deal are **DISMISSED**.

III.   **Motion to Join as Party Defendants Anthony McLain and Robert Lusk [Doc. 49]**

In light of the dismissal of all of the claims in Plaintiff's Second

Amended Complaint, Plaintiff's motion to add additional party defendants is

**DENIED** as moot.

### Conclusion

For the foregoing reasons, Plaintiff's Motion to Recuse [Doc. 56] is

**DENIED**, Plaintiff's Request for Ruling and Request for Hearing on Plaintiff's

Motion to Recuse [Doc. 59] is **DENIED** as moot, Defendant Deal's Motion to

Dismiss [Doc. 54] is **GRANTED**, Defendant Stanley's Motion to Dismiss

[Doc. 58] is **GRANTED**, and Plaintiff's Motion to Join as Party Defendants

Anthony McLain and Robert Lusk [Doc. 49] is **DENIED** as moot.

20

**SO ORDERED**, this  11th  day of December, 2009.


_____
**RICHARD W. STORY**
United States District Judge

21